IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DARYL PAUL LEGAULT,

                  Plaintiff

      VS.

H. CULLEN TALTON, JR., *et al.*,

                Defendants

NO.  5:06-CV-227 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Before the court is the defendants' Motion for Summary Judgment in the above-styled case. Tab #12.  This motion is supported by an attached brief and the Declaration of Charles Holt, as well as a Statement of Material Facts.  Plaintiff DARYL PAUL LEGAULT has responded to the defendants' motion.  Tab #14.

Plaintiff LeGault contends that in the three and a half months he was incarcerated at the Houston County Detention Center ("HCDC"), he was denied his right to practice his Catholic religion.  Specifically, plaintiff LeGault alleges that the nondenominational religious services offered at HCDC do not recognize or offer the Catholic sacraments of communion or confession. In his response to the defendants' Motion for Summary Judgment, plaintiff LeGault further avers that he"was not allowed to confer or visit with a Catholic priest."  Tab #14 at ¶1.  However, LeGault has provided no evidence in support of that (or any other) contention.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment

provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* **Warrior Tombigbee Transportation Co. v. M/V Nan Fung**, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See **Van T. Junkins & Assoc. v. U.S. Industries, Inc.**, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

## FACTS

At all relevant times, plaintiff LeGault was incarcerated at HCDC. Defendant H. CULLEN TALTON, JR. is the Sheriff of Houston County. Defendant CHARLES HOLT is the current Jail Administrator for the HCDC and is responsible for supervising the 350-400 inmates incarcerated at his facility at any given time.

At the time of LeGault's incarceration, the HCDC provided inmates with access to interdenominational religious services but had no services specific to any particular religious denomination or sect. The defendants assert two reasons for this policy: First, that there are a number of denominations claimed by the inmates at the facility, and the Sheriff's Office would be unable to provide space or sufficient security for a large number of different services. Second, that providing a denomination-specific service for any one religion could be perceived as favoritism of that religion, denomination or sect by the Sheriff's Office.

- 3 -

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

Upon review of the evidence in the light most favorable to the plaintiff, the undersigned finds that during the time he was incarcerated at the HCDC, plaintiff LeGault was not permitted to participate in a Catholic-specific service or fully receive the wine that is traditionally included in Catholic communion.[2] Whether the violates plaintiff's constitutional rights is the issue before this court.

## DISCUSSION

### Injunctive Relief

Plaintiff LeGault is no longer incarcerated at the HCDC. A prisoner's claim for declaratory and injunctive relief is mooted by his transfer or release from the facility about which he complains. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir.1986); *McKinnon v. Talladega County, Alabama*, 745 F.2d 1360 (11th Cir.1984). Therefore, IT IS RECOMMENDED that all claims for injunctive relief be denied.

### Compensatory Damages

Plaintiff's claim for compensatory damages is brought pursuant to the Prison Litigation Reform Act ("PLRA") which has been interpreted to bar claims for compensatory damages absent a showing of *physical* injury. *See Royal v. Kautzky*, 375 F.3d 720, 724 (8th Cir. 2004) (*citing Memphis Community School Dist. v. Stachura*, 477 U.S. 299),[3] *see also Boxer X v. Donald*, 169 Fed.Appx. 555 (11th Cir. 2006) (*per curiam*). Since plaintiff LeGault has not made a showing of *any* physical injury, IT IS RECOMMENDED that any claim for compensatory damages be DENIED.

- 4 -

---

[2]The plaintiff claims that he was not permitted to confer with a Catholic priest while he was incarcerated at HCDC, but he has provided no evidence, in the form of an affidavit or otherwise, to support this contention. The defendants, on the other hand, have provided the Declaration of Charles Holt (under penalty of perjury) which states that "LeGault remained free to consult with a Catholic priest, subject to normal restraints on visitation." Tab #12-2 at ¶10.

[3]*Stachura* holds that:
[N]ominal damages, and not damages based on some undefinable `value' of infringed rights, are the appropriate means of `vindicating' rights whose deprivation has not caused actual, provable injury: Common-law courts traditionally have vindicated deprivations of certain 'absolute' rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.
477 U.S. at 308, n. 11. (citation and internal blockquote omitted).

Notwithstanding the above-stated findings, it is the opinion of the undersigned that summary judgment is *not* appropriate in this case at this time. In his complaint, plaintiff LeGault cites the First and Fourteenth Amendments as the basis for his claim. In considering plaintiff's allegations, this court is required to ensure that a factual basis for entry of judgment exists before the same may be entered. Considering all of the evidence before the court, it appears to the undersigned that plaintiff *may* have a valid claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc-1, which provides as follows:

> *No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–*
>
> *(1) is in furtherance of a compelling governmental interest;  and,*
>
> *(2) is the least restrictive means of furthering that compelling governmental interest.*

No mention has been made by the parties of RLUPIA. The parties have failed to address the importance or necessity  —  to the plaintiff or to his professed Catholic faith  —  of Catholic services and sacraments. Without this information, the court cannot ascertain whether plaintiff's rights might have been denied under RLUIPA. The undersigned believes that it is the duty of the court to interpret plaintiff's *factual* allegations under the appropriate law rather than be limited to the grounds set forth by a *pro se* litigant unlearned in the law. However, in fairness to the parties, they should be given an opportunity to address the implication(s), if any, of RLUIPA.

## CONCLUSION

Based on the above analysis, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment be **DENIED** at this time, **without prejudice** to the right of the defendants to refile the same after complying with this recommendation.[4]  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to the RECOMMENDATION set forth herein with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 27th  day of AUGUST, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4]In the event, and only in the event, that this Recommendation is accepted by the district judge to whom this case is assigned, the parties herein are directed to address the implication of RLUIPA by submitting argument thereon WITHIN THIRTY (30) DAYS after its acceptance.  In the event this recommendation is not accepted by the district judge, there shall be no requirement to provide such argument.